UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| JAHEIM MURRAY, | |
|---|---|
| Plaintiff, | No. 18-CV-4705 (KMK) |
| v. | ORDER |
| S. SMYTHE, | |
| Defendant. | |

KENNETH M. KARAS, United States District Judge:

On May 29, 2018, pro se Plaintiff Jaheim Murray ("Plaintiff") filed a Complaint, pursuant to 42 U.S.C. § 1983, against the State of New York and S. Smythe ("Defendant Smythe"), a Correction Officer at Downstate Correctional Facility. (*See* Compl. (Dkt. No. 2).) Plaintiff's application to proceed in forma pauperis ("IFP") was granted on July 16, 2018. (Dkt. No. 7.) On July 17, 2018, the Court issued an Order dismissing Plaintiff's claims against the State of New York as barred by the Eleventh Amendment and allowing Plaintiff to effect service on Defendant Smythe through the U.S. Marshals Service. (Dkt. No. 8.) A summons was issued on July 17, 2018, (*see* Dkt. (entry for July 17, 2018)), and on September 17, 2018, the U.S. Marshals filed a "Marshal's Process Receipt and Return of Service Executed," indicating that Defendant Smythe was served on September 10, 2018. (Dkt. No. 11.) Defendant Smythe's Answer was due on October 1, 2018. (*Id.*) Defendant Smythe did not answer or otherwise respond to the Complaint, and Plaintiff has not filed a default judgment or otherwise communicated with the Court since August 9, 2018. (Dkt. No. 10.)

Accordingly, within 45 days of the date of this Order, Plaintiff is directed to seek a default judgment pursuant to Federal Rule of Civil Procedure 55[1] and Local Civil Rules 55.1 and 55.2.[2]

---

[1] Federal Rule of Civil Procedure 55 provides, relevant here:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
(b) Entering a Default Judgment.
  (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
  (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

[2] Local Civil Rule 55.1 provides that "[a] party applying for entry of default under Fed. R. Civ. P. 55(a) shall file: (a) a request for a Clerk's Certificate of Default; and (b) an affidavit demonstrating that: (1) the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) the party has failed to plead or otherwise defend the action; and (3) the pleading to which no response has been made was properly served." It further provides that "[a] proposed Clerk's Certificate of Default form must be attached to the affidavit." *Id.*

Local Civil Rule 55.2 provides:

(a) By the Clerk. Upon issuance of a Clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, and does not include a request for attorney's fees or other substantive relief, and if

If Plaintiff fails to seek a default judgment, the Action may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[3]

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff. The Clerk of the Court is also directed to mail a copy of this Order to Defendant S. Smythe, Correction Officer at Downstate Correctional Facility, 121 Red Schoolhouse Road, P.O. Box 445, Fishkill, NY 12524. The Clerk of the Court is also directed to mail a copy of this order to the Attorney General of the State of New York at 28 Liberty Street, New York, NY 10005.

SO ORDERED.

Dated: March 2, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

a default judgment is sought against all remaining parties to the action, the moving party shall submit an affidavit showing the principal amount due and owing, not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920.

(b) By the Court. In all other cases the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.

(c) Mailing of Papers. Unless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

[3] Rule 41(b) provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).