UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHEIM MURRAY,

Plaintiff,

v.

S. SMYTHE,

Defendant.

No. 18-CV-4705 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On May 29, 2018, pro se Plaintiff Jaheim Murray ("Plaintiff") filed a Complaint, pursuant to 42 U.S.C. § 1983, against the state of New York and S. Smythe ("Defendant Smythe"), a Correction Officer at Downstate Correctional Facility. (*See* Compl. (Dkt. No. 2).) Plaintiff's application to proceed in forma pauperis ("IFP") was granted on July 16, 2018. (Dkt. No. 7.) On July 17, 2018, the Court issued an Order dismissing Plaintiff's claims against the State of New York as barred by the Eleventh Amendment and allowing Plaintiff to effect service on Defendant Smythe through the U.S. Marshals Service. (Dkt. No. 8.) A summons was issued on July 17, 2018, (*see* Dkt. (entry for July 17, 2018)), and on September 17, 2018, the U.S. Marshals filed a "Marshal's Process Receipt and Return of Service Executed," indicating that Defendant Smythe was served on September 10, 2018. (Dkt. No. 11.) Defendant Smythe's Answer was due on October 1, 2018. (*Id.*) Because Defendant Smythe did not answer or otherwise respond to the Complaint, and Plaintiff had not filed for a default judgment or otherwise communicated with the Court since August 9, 2018, (Dkt. No. 10), the Court issued an Order To Show Cause on March 12, 2020, directing Plaintiff to seek a default judgment within 45 days of the date of the Order or risk dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), (*see* Order To Show Cause ("Mar. 12, 2020 Order") (Dkt. No. 12)).

On April 8, 2020, counsel for Defendant Smythe filed a letter with the Court explaining that counsel first learned of the case after receiving a copy of the Court's March 12 Order To Show Cause, and requesting an extension of time to respond to the Complaint, nunc pro tunc. (Dkt. No. 13.) The Court granted this request, and directed counsel for Defendant Smythe to mail a copy of the Court's memo endorsement to Plaintiff. (Dkt. No. 14.) On May 22, 2020, Defendant Smythe filed a letter seeking leave to file a motion to dismiss and informing the Court that although Defendant Smythe mailed a copy of his April 8, 2020 letter to Plaintiff, it was returned as "unclaimed" and "unable to forward." (Dkt. No. 17.) After the Court set a briefing schedule, (Dkt. No. 18), Defendant Smythe filed another letter on June 19, 2020, informing the Court that other documents mailed to Plaintiff had been returned as "undeliverable, unclaimed, and unable to forward," (Dkt. No. 20). On June 25, 2020, the Court issued an Order directing Plaintiff to show cause, by no later than July 25, 2020, as to why his case should not be dismissed for failure to prosecute. (Order To Show Cause ("June 25, 2020 Order") (Dkt. No. 21).) The Court directed counsel for Defendant Smythe to mail a copy of the Order to Plaintiff, (*id.*), and counsel confirmed that he did so on June 26, 2020, (Dkt. No. 23). To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court. Accordingly, the Court dismisses the Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent

authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 7 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the [A]ction if Plaintiff fails to do

so.").) Indeed, Plaintiff appears to have followed this guidance in August 2018, when he informed the Court of a change of address. (Dkt. No. 10.) However, Plaintiff has not provided the Court with an updated address since then, and according to counsel for Defendant Smythe, certain correspondence recently mailed to Plaintiff has been returned as undeliverable. (Dkt. Nos. 17, 20.) Further, Plaintiff has not communicated with the Court regarding this Action since August 9, 2018. (Dkt. No. 10.) The Court's previous Orders To Show Cause, mailed to Plaintiff on March 12, 2020 and June 25, 2020, indicated that failure to respond may result in dismissal for failure to prosecute. (Mar. 12, 2020 Order; June 25, 2020 Order.)

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months).

Counsel for Defendant Smythe is directed to mail a copy of this Order to Plaintiff and to certify on the docket that he did so by August 7, 2020.

SO ORDERED.

Dated: August 3, 2020
White Plains, New York

KENNETH M. KARAS
United States District Judge